# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUFFIN PETTY JR., #N-26062, )
MARSHALLOW D. BRITTON, #B-19441, )
)
    **Plaintiffs,** )
) CIVIL NO. 11-cv-452-JPG
vs. )
)
TIME INC., JACK GRIFFIN, )
MARTHA NELSON, )
)
    **Defendants.**

## MEMORANDUM AND ORDER

**GILBERT District Judge:**

Plaintiffs, inmates currently in the Vandalia Correctional Center, bring this action under the Federal Tort Claims Act, 28 U.S.C. § 1346. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

1

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiffs' complaint (Doc. 1). While incarcerated in Vandalia, Plaintiffs viewed an image of a child smoking in a copy of People Magazine, which is published by Defendant Time Inc. Plaintiffs were bothered by this image, as they felt that it potentially endangered the welfare of children who might pick up the magazine, see a child smoking, and thus begin smoking themselves. Plaintiffs filed a complaint with Defendant Time Inc., Defendant Jack Griffin, and Defendant Martha Nelson regarding the issue, but no response was received.

**Discussion:**

Plaintiffs bring this suit under the Federal Torts Claims Act ("FTCA"). Federal prisoners may bring suit against the United States under the FTCA for injuries they sustain while incarcerated. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). Plaintiffs, however, may not bring their claiim under the FTCA, because they are *state* prisoners in the custody of the Illinois Department of Corrections, not federal prisoners. Moreover, Defendants Time Inc., Jack Griffin, and Martha Nelson are private actors, not employees of the federal government. Therefore, Plaintiffs have no basis for a claim against the United States, and Plaintiffs' FTCA claim must be dismissed for failure to state a claim upon which relief can be granted.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiffs' complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g) for both Plaintiffs. Plaintiffs' pending motions for service at government expense (Doc. 3) and appointment of counsel (Doc. 4) are **DENIED** as moot. The Clerk of Court is instructed to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED: June 6, 2011

                                              *s/J. Phil Gilbert*
                                              **United States District Judge**